# MEMO ENDORSED



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8973

May 11, 2020

**BY ECF**
The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

    Re:    <u>Hall v. Annucci et al</u>, SDNY 19 Civ. 5521 (KMK)

Dear Judge Karas:

    This Office represents defendants Anthony Annucci, Robert Bentivegna, Thomas Griffin, Kyoung Kim, Deborah MacDonald, Aileen McCarthy, and Donna Heitz (collectively the "Served Defendants") in the above-referenced action.[1] I write to respectfully request a pre-motion conference, pursuant to Your Honor's Individual Rules of Practice, in anticipation of filing a motion to revoke Plaintiff's in forma pauperis status. In addition, I respectfully request that the Served Defendants' deadline to file their motion to dismiss or otherwise respond to the Second Amended Complaint, currently May 15, 2020, be stayed while the motion to revoke Plaintiff's in forma pauperis status is resolved.

**February 21, 2013 Bar Order**
    Based on a recent search of PACER, the undersigned attorney just discovered a Bar Order under 28 U.S.C. Section 1915(g) apparently issued against Plaintiff by the Honorable Loretta A. Preska on February 21, 2013 in the matter of <u>Ralph Hall v. The City of New York et al</u>, 12 Civ. 8669 (LAP) (S.D.N.Y. Feb. 21, 2013), annexed hereto as **Exhibit A**. I respectfully apologize to the Court for not bringing this issue to the Court earlier, but I only discovered the applicable bar order earlier today while preparing the Served Defendants' response to the Amended Complaint. In the Order, Judge Preska held that:

---

[1] Based on a review of the Docket Report, Nicole Walsh, RN, does not appear to have been served at this time. She has not contacted this Office regarding this litigation or to request representation.

> Because Plaintiff has filed three or more cases while he was a prisoner that were dismissed as frivolous, malicious, or for failure to state a claim, and because Plaintiff has not shown cause as to why he should not be barred from filing future actions IFP in this Court while he is a prisoner, Plaintiff is barred from filing future actions IFP in this Court while in custody unless Plaintiff can allege that he is under imminent threat of serious physical injury. Plaintiff is warned that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties."

Id.  Judge Preska also noted that Plaintiff claimed that he fell under the "imminent danger of serious physical injury" exception because prison officials had denied treatment for his shoulder and hip injuries. Id.  Judge Preska specifically indicated that "[t]o the extent that Plaintiff seeks to file a new action based on the alleged lack of care for his shoulder and hip injuries, he must show that the lack of care has placed him under imminent danger of serious physical injury to proceed with his case in forma pauperis." Id.

**Procedural History**

In this matter, Plaintiff filed the initial Complaint on or about June 12, 2019. See ECF No. 1.  The Court then issued an Order on July 31, 2019, directing Plaintiff to pay applicable fees or submit an IFP application and prisoner authorization. See ECF No. 3.  Plaintiff filed an application to proceed without prepaying fees or costs and a prison authorization on August 12, 2019. See ECF Nos. 5-6.  Plaintiff did not reference the February 21, 2013 bar order, or indicate why it should not have applied to the instant matter.  On September 9, 2019, the Court granted Plaintiff's application to proceed in forma pauperis "without prejudice to Defendants' filing a motion to revoke Plaintiff's IFP status." See ECF No. 11.

On October 21, 2019, an Amended Complaint was docketed.  Plaintiff then filed the Second Amended Complaint on or about November 25, 2019, which is the current operative pleading in this matter. See ECF No. 27.

On February 4, 2020, Defendants Annucci, Griffin, Bentivegna, and Kim (who were the only defendants served at that time) filed a pre-motion conference letter in anticipation of their motion to dismiss the Second Amended Complaint as against them. See ECF No. 39.  The Court set a briefing schedule for the motion. See ECF No. 43.  Subsequently, Defendants MacDonald, McCarthy, and Heitz were served, and the Court extended the deadline for the opening brief to align with the other Served Defendants' anticipated deadline to respond to the Second Amended Complaint on May 15, 2020. See ECF No. 47.

**Anticipated Motion**

Plaintiff's current action is a damages claim brought pursuant to 42 U.S.C. Section 1983, alleging deliberate indifference to his medical care in violation of his rights under the Eighth Amendment.  Plaintiff includes no allegations regarding how the suit addresses a "lack of care [that] has placed him under imminent danger of serious physical injury" as Judge Preska directed in the February 21, 2013 bar order.  Plaintiff's claim here is only for damages for an infection from nearly three years ago and does not appear to support any imminent danger of physical

injury.  Therefore, the instant action is barred by the February 21, 2013 Order, Plaintiff's in forma pauperis status should be revoked, and the action should be dismissed.

**Conclusion**

Therefore, to the extent that the Court believes further briefing is necessary, the Served Defendants respectfully request a pre-motion conference in anticipation of their motion to revoke Plaintiff's in forma pauperis status, dismiss this action with leave to reopen upon filing of the applicable fees, and grant such other and further relief as the Court deems just and proper.  In addition, the Defendants respectfully request that the Court stay their May 15, 2020 deadline to move to dismiss or otherwise respond to the Second Amended Complaint until the motion to revoke Plaintiff's in forma pauperis status is resolved.

Thank you for your consideration of the application herein.

Defendants are to file a formal motion to revoke Plaintiff's IFP status by May 26, 2020 and serve the motion on Plaintiff. Plaintiff's response is due by 6/16/20.  Defendants' reply is due 6/30/20.  Moreover, Defendans are to mail a copy of this memo endorsement to Plaintiff and to certify that they did so by 5/19/20.

So Ordered.

*[signature]* 5/12/20

cc:   **BY MAIL**
Ralph Hall
DIN 05A5367
Green Haven Correctional Facility
594 Rt. 216
Stormville, New York 12582-0010

Respectfully submitted,

*S/ Brendan M. Horan*
Brendan M. Horan
Assistant Attorney General
Brendan.Horan@ag.ny.gov