**MEMO ENDORSED**

RECEIVED
SDNY PRO SE OFFICE
2022 JAN -4 PM 2:45

United States District Court
Southern District of New York

| | |
|---|---|
| Ralph Hall, | 19 Civ 5521 (KMK) |
| Pro-Se Plaintiff, | |
| -against- | Motion For District Court Relief From Order Entered on May 27, 2021 |
| Anthony Annucci, et al. | |
| Defendant(s) | |

Ralph Hall, Pro-Se Plaintiff captioned above say under penalty of perjury that;

1. Civil Complaint pursuant to 42 USC 1983 is governed by the Federal Rules of Civil Procedure (FRCP) under the United States Constitutional Amendments which afford all parties to the complaint equal protections and due process of law;

2. That this Court's Order entered on May 27, 2021, though not a "Final Order," it affects the entire Federal proceeding with questions of Procedural propriety

1.

surfacing that involves the construction of Federal Rule, Fed. R. Civ. Proc. Rule 55(a), Rule 4 - 28 USCA by a District Court;

3. Such action on the part of the District Court cannot be appealed prior to a final order from the District Court and the Federal Court of Appeals is powerless to intervene because of "lack of jurisdiction" in the face of an non-final order, (see Motion for Default Judgment appealed to the United States Court of Appeal for the Second Circuit, HALL v. ANNUCCI, et al., Docket No. 21-1492, entered December 09, 2021)

4. District Court Order at issue was entered on May 27, 2021 that resulted in the contended, irregular denial of a Motion for Default Judgment against one (1) of eight (8) Defendants for failing to Answer Complaint and Summons by the Answer Due Date. (FRCP Rule 55(a), 4, citing DUTAN v. SHEET METAL REMODELING, LLC, 2014 U.S. Dist. Lexus 136684 (E.D. VA. Aug, 21 (2014)))

5. SUCH ORDER ENDORSEMENT BY THE DISTRICT COURT HAVE ALLEGEDLY "UNDERMINED" AND SERVES TO CONSTRUCT THE APPLICABLE FEDERAL RULE 4, IN THAT THE UNITED STATES FEDERAL MARSHAL SERVICE DATED NOVEMBER 06, 2020, ANSWER DUE DATE NOVEMBER 27, 2020 WAS ACCUSED OF BEING INADEQUATE OR UNLAWFUL BY THE DEFENDANT'S ATTORNEY'S WRITTEN LETTER OPPOSITION DATED AFTER THE EXPIRATION OF THE ANSWER DUE DATE. (SEE Complaint's Docket TEXT NO. 119 Re: MARSHAL's PROCESS RECEIPT DATED 12/03/20 AS OPPOSE TO Complaint's Docket TEXT NO. 121 Re: DEFENDANT'S OPPOSITION DATED 12/17/20)

6. DEFENDANT'S ATTORNEY DISPARAGED THE VALIDITY OF MARSHAL'S SERVICE AGAINST THE DEFENDANT, NICOLE WALSH WHO FAILED TO ANSWER COMPLAINT AND SUMMONS AS PRESCRIBED BY LAW. MOTION FOR DEFAULT JUDGMENT WAS FILED SIX (6) MONTHS AFTER THE LEGAL DUE DATE FOR ANSWER AND WAS SUMMARILY DENIED BY THE DISTRICT COURT'S DISCRETION.

7. WHETHER THE DISTRICT COURT'S DENIAL OF PLAINTIFF'S MOTION PURSUANT TO FRCP Rule 55(a), 4, 28 USCA AMOUNTS TO A "PLAIN ERROR" UNDER THE LANGUAGE IN FRCP Rule 52(B) MUST BE DETERMINED BY THIS COURT'S REVIEW OR RECONSIDERATION OF ITS OWN RULING BECAUSE APPEAL TO COURT OF APPEAL "lacks jurisdiction" OVER THIS "UNFINAL ORDER". (SEE Petrello v. WHITE, 533 F.3d 110, 113 (2 Cir, 2008))

8. FURTHERANCE OF 42 USC 1983 Complaint WITHOUT FIRST ACKNOWLEDGING THE CLAIMED PREJUDICIAL APPLICATION OF THE DISTRICT COURT'S DISCRETIONARY PREROGATIVE TO DENY PROPER DEFAULT JUDGMENT MOTION - WOULD CONCLUDE IN A DISTRICT COURT'S FINAL ORDER RESTING UPON AN ALLEGED, INVALID DENIAL OF DEFAULT MOTION DATED MAY 27, 2021 (SIX MONTHS AFTER THE NOVEMBER 27, 2020 - DUE DATE TO ANSWER OR COMPLY WITH RULE 4)

4.

9. Motion for District Court Relief from its Order entered on May 27, 2021 relies upon the District Court's acceptance of the Supreme Court's holdings in <u>Castro v. United States</u>, 540 U.S. 375, 381-83 (2003) Re: This motion may be placed in what category the Clerk of the Court deems Pro-Se pleadings would suffice. (See FRCP Rule 52(b) "Plain Error");

10. Plaintiff allegedly have been deprived of equal protection and due process of law where, proper motion for Default Judgment against one (1) of eight (8) Defendants have been subjected to denial in conflict with the FRCP Rule. (Compare, <u>Global SantaFe Corp. v. GlobalSantaFe Comm</u>, 250 F. Supp. 2d 610, 612 m3 (E.D. VA, 2004))

11. District Court's May 27, 2021 denial relies upon "No" established Federal or Supreme Court Law and must be viewed as without precedence. (See "Plain Error", <u>United States v. Olano</u>, 507 U.S. 725 at 732-33 (1993)); (See also, <u>United States v.</u>

5.

Yu-Leung, 51 F.3d 1116, 1121 (2 Cir. 1995) RE: Clear error in fact occurred in District Court's denial of default motion as an example of District Court's alleged, over-reaching its authority, by seemingly violating or circumvention of Federal Rules For Civil Proceedings, Rule 55(a) RE: Default Judgment on the basis of proper service of summons and complaint. (See example at, Dulan v. Sheet Metal Remodeling, LLC, 48 F. Supp. 3d 860 (E.D. VA, 2014))

Wherefore civil complaint pursuant to 42 USC 1983 is prejudicially affected by District Court's determination to avoid proper motion to hold one (1) of eight (8) defendants in default, because to do so would prohibit the remaining seven (7) defendants from arguing exemption from liability and/or attempting motion for summary judgment against Plaintiff.

6.

Wherefore the District Court is empowered to reconsider or modify its denial of motion pursuant to FRCP Rule 55(a) on the basis of FRCP Rule 52(b), particularly where denial of motion for default judgment is NOT supported by established law under Federal Rules for Civil Procedure, Rule 4 - 28 USCA. Plain error exist where District Court order entered May 27, 2021 served to construct or depart from Rule 4 concerning service of complaint and summons, and Rule 55(a) concerning service of motion for default judgment upon defendant via First Class mail. (e.g. Duton, supra.)

Relief from the May 27, 2021 order is sought under Rule 60 or what different category for relief as to this Court would deem available, prior to the Second Circuit acquiring jurisdiction after a final order from this Court is eventually rendered. (Petrello, supra.); (see also, Castro v. U.S., Re: "Recharacterization of Pro-se motion")

7

District Court's May 27, 2021 Order is not supported by established law as prescribed in FRCP Rule 55(a), 4, and such discrepancy should not be deferred until District Court renders its Final Order on Civil Complaint, because Procedural Default issues and claims have allegedly prejudiced Plaintiff's complaint due to this Court's Order entered May 27, 2021 Denying, alleged, proper Rule 55(a) motion.

December 27, 2021

Respectfully Submitted,
Ralph Hall, #05A5367
Ralph Hall, Pro Se
Green Haven, C.F.
594 Route 216
Stormville, N.Y. 12582

TO:
Assistant Attorney General
Brendan M. Horan, Esq.
28 Liberty Street
New York, N.Y. 10005

8.

GREEN HAVEN CORRECTIONAL FACILITY
P.O. BOX 4000
STORMVILLE, NEW YORK 12582-4000

NAME: R. Hall    DIN: 05A5367

Legal mail

NEOPOST    FIRST-CLASS MAIL
$000.72
ZIP 12582

RECEIVED
SDNY PRO SE OFFICE
2022 JAN -4 PM 2:37

USDC/SDNY
500 Pearl Street
Pro Se New York, New York 10007
(Attn. Clerk of the Court)

Plaintiff's Motion for Relief from Judgment (the "Motion"), (Dkt. No. 156), is denied.

"Properly applied[,] Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "In other words[,] it should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." *Id.* (citation and quotation marks omitted). "Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (citation, quotation marks, and alteration omitted). In other words, "[t]he movant must adduce 'highly convincing material' in support of the motion." *Leeber Realty LLC v. Trustco Bank*, No. 17-CV-2934, 2019 WL 498253, at *3 (S.D.N.Y. Feb. 8, 2019) (quoting *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977)), *aff'd*, 798 F. App'x 682 (2d Cir. 2019). In light of this high bar, "[r]elief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (quotation marks omitted). This is not one of those circumstances.

The Court agrees with Defendants' reading of Plaintiff's Motion, namely that Plaintiff has failed to identify "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). (*See* Defs.' Mem. 3–4.) Plaintiff asserts that the Court's prior order fails to rely on "established federal or supreme court law and must be viewed as without precedence." (Mot. at 5.) That the Court issued an order via memo endorsement is not incorrect or legally insufficient. Moreover, Plaintiff's argument that the Court's decision and the reasoning by which it arrived at that conclusion—namely, whether Walsh was, in fact served—fails to identify specific facts or law that show it to be demonstrably incorrect. In other words, Plaintiff fails to show that Walsh was in fact served appropriately, nor does he cite binding case law showing that the Court misapplied the law.

Accordingly, Plaintiff's Motion is denied. The Clerk of Court is respectfully directed to terminate the pending Motion (Dkt. No. 156), and send Plaintiff a copy of this decision.

Date: 6/24/2022

SO ORDERED

_____
KENNETH M. KARAS U.S.D.J.