**MEMO ENDORSED**

United States District Court
Southern District of New York

Ralph Hall,
                Plaintiff-Appellant,

    -against-

Anthony Annucci, DOCCS
Commissioner, et al.
                Defendant-Appellees.

Notice and Combined Motion Pursuant to Fed. R. Civ. P. Rule 60 Relief From a Judgment or Order

DKT. No. 19-CV-5521

Ralph Hall say under penalty of perjury that;

1. Rule 60 motion for Relief from this Court grant of Summary Judgment in favor of Defendants, entered September 16, 2022; is available;

2. Rule 60(a) is alleged applicable under oversights and omissions by the District Court involving the appearance of issues of District Court's integrity where the Court's impartiality failed to observe

1.

United States Supreme Court Holdings in: Ross v. Blake, 578 U.S. at 643-644 (2016) - regarding exception(s) to the Available Administrative Exhaustion Requirement, prior to Filing a Federal Complaint.

3. Rule 60(b)(6) constitutes grounds for relief from a Final Judgment, or Proceeding. Supreme Court Holdings in Ross v. Blake, supra, were unreasonably applied, though correctly identified as the governing legal principle, it was unreasonably applied to the facts of the particular case. (Compare Bell v. Cone, 535 U.S. 685, 694 (2002); William v. Taylor, 529 U.S. 407-408 (2000))

4. Alleged, unreasonable application of Ross v. Blake, concerns the Court's failure to countenance the Defendant's departure from: Correction Law, section 139, 9 NYCRR, Part 7695 of Title 9NYCRR - NYS-DOCCS, Directive No. 4040, section 701.5(d)(3)(ii); 701.6(g)(2)(m); 701.8(i).

2.

5. Such alleged departure from DOCCS Directive No. 4040 involved whether or not the inmate grievance program was available as a prerequisite to filing a 42 USC 1983 complaint. Accordingly, the integrity of the District Court is at issue for failing to hold Defendants accountable for not following all the governing rules for "processing" grievances.

6. Such departure from "all" rules governing the processing of grievances, allegedly rendered the administrative exhaustion requirement unavailable. (Hobbs, 788 F. 3d at 59)

7. Grant of Summary Judgment in favor of Defendants, rest upon the erroneous assumption that an administrative grievance exhaustion program was available. However, no such program existed because Defendants failed to comply with timely processing of inmate grievances resulting in a procedural dysfunction.

3.

8. Accordingly, it is clearly stated in Directive No. 4040 that C.O.R.C. have 30 days to determine issue grieved, from the date C.O.R.C. received it. The facts related to the District Court showed the grievance at issue concerned a "medical" urgency involving a two part surgery.

9. Grievance was filed at completion of First part of "Bi-Lateral" Hip Replacement because no therapy or no high protein diet was provided. (See grievance filed 12/05/2017) Allegedly, during grievance investigation, plaintiff was threatened by C.O. in charge of therapy program and advised to not file additional grievances against medical care. Grievance was received by C.O.R.C. on 04/10/2018. Such C.O.R.C. determination was determined more than 12 months passed its 30 day due date. (See grievance No. 88297-17)

4.

10. After the second part of the Bi-Lateral Hip Replacement Surgery and during post-operation recuperation, Plaintiff contracted an "incurable" flesh eating disease, allegedly due to Defendant's failure to change bandages or dressing. The record would show that on-going secretions from open wound was not checked for infection until after Plaintiff was released from the recuperation where it was discovered that Plaintiff had contracted, Staphylococcus, or MERSA, or MRSA.

11. No second grievance was filed for the second part of the operation because according to the initial grievance filed, such grievance processing was untimely where it concerned medical issue. The threat was genuine but never timely investigated as such. Rather, the initial medical grievance was not investigated until the C.O. accused was retired after a promotion approximately six months after grievance was filed.

5.

12. Directive No. 4040 was not adhered to for threats and intimidation regarding filings for grievances. The District Court's determination, nevertheless, overlooked Defendant's omission of timeliness in the grievance processing, with respect to Defendant's, following all processing procedures. (Directive No. 4040, section 701.8(i), 701.6(g)(2)(m); 701.5(d)(3)(i))

13. District Court erroneously overlooked Defendant's requirements to, "follow all Directive No. 4040," processing rules of procedure, the failure of which would, render a normally available grievance procedure unavailable. (see Hobbs, 788 F.3d at 59); (see also, Gustavia Homes, LLC v. Rice, 724 F. Appx. 87, 89 (2 Cir. 2018) Re: District Court failed to observe Defendant's departure from, following all, Directive 4040 processing rules governing an available grievance program.)

6.

14. Summary Judgment in favor of Defendants was granted, despite disputed factual issues involving whether Administrative Remedy was actually available in the absence of Defendants complying with all processing governing the grievance program.

15. Allegedly, if Defendants failure to comply with all processing of grievance can be proven, the grievance program would amount to a dead-end procedure. (See Ross, supra.); (Compare Hepworth v. Suffolk City, No. 02-cv-6473, WL 2006, WL 2844408 at *6 (EDNY-2006))

Wherefore this Notice and Motion may be viewed as Pro-Se Independent Motion under Harris v. United States, 367 F.3d 74 (2 Cir, 2004); Castro v. United States, 540 U.S. 375 (2003); United States v. Detrich, 940 F.2d 37, 38 (CA 2-1991), for relief from the Summary Judgment in favor of Defendants entered September 16, 2022.

7.

Plaintiff should be relieved from the Summary Judgment in favor of Defendants because the above disputes over material facts concern processing of grievances in observance of all Directive 4040 proceedings, that might affect the outcome of the suit under the governing law - will properly preclude the contested summary judgment. (See Anderson v. Liberty Lobbs, 477 U.S. 242, 248 (1986); Armand v. Simonson, WL 1257972 (SDNY-2016); Bell v. Napoli, 2018 WL 6506072 (NDNY-2018)

Rule 60(b)(6) relief should be granted because pro-se submission, "does not lack an arguable basis of law and fact." (See Neitzke v. Williams, 490 U.S. 319, 325 (1989)); (Armand v. Simonson, supra, citing Gomez v. Chill, No. 11-cv-6844, 2015 WL 1853110 at *6 n.3 (SDNY-2015)); (also, Armienti v. United States, 313 F.3d 807, 811 (2 Cir. 2011))

Rule 60 relief should be granted where exhaustion of administrative requirement was unavailable because of grievance program's

8.

Failure to follow "All" governing Rules concerning the "Processing" of established Grievance procedure pursuant to Correction Law, Section 139, NYCRR, Part 7695 of Title 9 NYCRR, NYS-DOCCS Directive No. 4040, Section 701.5(d)(3)(ii), 701.6(g)(2)(m) - where grievance involved safety, health and wellbeing of grievant and/or personnel; 701.8(i). Such failure to follow All rules under Directive No. 4040 - rendered the exhaustion requirement, unavailable. (See Ross v. Blake, 578 U.S. at 643-644 (2016)) Re: "Textual exception" where Defendant's alleged failure to follow all Rules under Directive 4040 rendered administrative remedy unavailable. The Court in Ross referred to "Availability" as a textual exception to mandatory exhaustion and "Estoppel" has become one of the three factors in determining availability. (Ross at 1858) Courts evaluating whether an inmate has exhausted his or her administrative remedies must focus on whether those remedies were "available" to the inmate.

9.

(SEE also, Riles v. Buchanan, No. 15-3336-PR, 2016 WL 4572321 at *2, 656 Fed. Appx. 577 (2 Cir. 2016) quoting Ross at 136 S.Ct. at 1857.

Defendant's failure to comply with all grievance processing rules under Directive No. 4040, alleged "thwarts inmate from taking advantage of a grievance process through machination, misrepresentation or intimidation." (see Riles quoting Ross) - In the instant case, the District Court's evaluation for grant of Summary Judgment in Defendant's favor, failed to assess Defendant's alleged non-compliance with "Timeliness" as one of the factors in determining "availability" of administrative remedies.

Summary Judgment for Defendant should be reversed and a hearing held to determine whether a dispute as to availability of lawful administrative remedy was affected by Defendant's failure to follow all grievance processing as established by Directive 4040.

10.

Hence, "only disputes over material facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. (Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Hemphill v. State of New York, 380 F.3d 680, 686 (2 Cir. 2004) Res whether defendant's own actions inhibiting exhaustion estops them from raising the failure to exhaust as an affirmative defense, and whether special circumstances justify the inmate's failure to comply with a second medical grievance to comply with the exhaustion requirement. Moreover, if a plaintiff fails to exhaust his administrative remedies the Court must consider whether those remedies were available to him. In this case, defendant's failure to follow all guidelines, rules and the governing directive No. 4040, rendered the administrative remedies unavailable. The case history indicates that defendants failed to follow rules for "processing" inmate grievances which rendered the exhaution remedy unavailable. (Harvey v. Correction Officers, 1 through 6, 612 F. Appx. 35, 37 (2 Cir. 2015)

11.

WHEREBY, Courts in the Second Circuit have held pre-trial evidentiary hearings on exhaustion when as here, the question cannot be resolved based on the parties' submissions. (Gomez v. Chill, No. 11-cv-6844, 2015 WL 1853110 at *6, n 3 (SDNY-2015))

Rule 60 motion is appropriate and should be granted because there exist at least a genuine dispute of material fact surrounding whether administrative remedies were available to Plaintiff.

January 16, 2024

Respectfully Submitted

Ralph Hall

Ralph Hall #05A5367
594 Route 216
Stormville, NY 12582

TO:

Stephen J. Yanni
Asst. Solicitor Gen.
% NYS Attorney Gen.
28 Liberty St.
NYC, NY 10005

Clerk of the Court
USDC/SDNY
500 Pearl St.
NYC, NY 10007

12.

Plaintiff's Motion pursuant to Rule 60 of the Federal Rule of Civil Procedure (the "Motion") is denied. (*See* Mot. (Dkt. No. 196).)  As an initial matter, the Court notes that the Second Circuit has affirmed this Court's decision granting summary judgment to Defendants.  (*See* Dkt. No. 195.)  Accordingly, "the law of the case doctrine bars the Court from granting Petitioner's Rule 60 Motion." *Wright v. Poole*, 81 F. Supp. 3d 280, 286 (S.D.N.Y. 2014).  Under that doctrine, where, as here, "an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue." *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012); *see also Wright*, 81 F. Supp. at 286 (same).

Moreover, insofar as Plaintiff relies on Rule 60(a), (see Mot. at 1, 8), such reliance is unavailing.  "Rule 60(a) allows for the correction of clerical mistakes, oversights, and omissions in order to implement the result intended by the court at the time an order was entered." *Hines v. BMG Rts. Mgmt. (US) LLC*, No. 20-CV-3535, 2024 WL 113498, at *4 (S.D.N.Y. Jan. 10, 2024) (alteration and quotation marks omitted); *see also Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150 (2d Cir. 1999) (same).  "However, a court acting pursuant to Rule 60(a) may not make changes that alter the original meaning of an order to correct a legal or factual error." *Hines*, 2024 WL 113498, at *4 (alteration and quotation marks omitted).  Quite simply, this Motion "falls outside the purview of Rule 60(a)" because it "does not direct the Court to any clerical error, oversight, or omission in the [summary judgment order and corresponding judgment] but rather argues that the Court erred in its holding." *Wright*, 81 F. Supp. at 290 n.7 (quoting *Instinet Inc. v. Ariel (UK) Ltd.*, No. 08-CV-7141, 2010 WL 2674555, at *1 (S.D.N.Y. July 6, 2010)).

Finally, with respect to Rule 60(b), the Court emphasizes that relief under that Rule is unavailable "where the moving party seeks solely to relitigate an issue already decided." *Hines*, 2024 WL 113498, at *4.

The Clerk of Court is respectfully directed to close the pending Motion, (*see* Dkt. No. 196), and to mail a copy of this Order to Plaintiff's address.

So Ordered.

1/25/2024