MEMO ENDORSED

United States District Court
Southern District of New York

Ralph Hall,
                    Appellant,

        - Against -

Anthony Annucci, et al.
                    Appellees.

Notice and Combined
Motion To Vacate
Summary Judgment
By Independent
Action (Rule 33)

19 Civ 5521 (kmk)

Ralph Hall, Appellant captioned above say under penalty of perjury that; on 08/30/2022 the Court granted Summary Judgment in Favor of the Defendant as a result of improper Analysis, of whether Defendants' were entitled to FRCP Rule 56 Application. (see Riles v. Buchanan, 656 F. Appx. 577 (2 Cir. 2016) quoting Ross v. Blake, 136 S. Ct. At 1857 (2016))

Accordingly, USDC/SDNY was unable to apply Rule 60(b) as relief from Judgment. Pro-se movant now moves for relief by "Independent Action," insofar as established Doctrine permits. (see Messenger v. Anderson, 225 U.S. 436, 444 (1912); Castro v. United States, 540 U.S. 375, 381-83 (2003))

1.

Where The Court Memo Endorsed Denial/s For Rule 60 Relief, Entered on 01/25/2024 — and — 02/16/2024, Relies on "The Law of The Case Doctrine," and Emphasizes That, "An Appellate Court Has Once Decided An Issue, The Trial Court, At A later Stage of The litigation, Is Under A Duty To Follow The Appellate Court's Ruling On That Issue." (Brown v. City of Syracuse, 673 F. 3d 141, 147 (2 Cir. 2012)) The Law of The Case Doctrine, However, Cannot Prohibit A Court From Disregarding An Earlier Holding (08/30/2022) Independent Action is Sought By Pro-Se Movant To Vacate improper Grant of FRCP Rule 56,

03/01/2024                    Ralph Hall


Motion To Vacate Improper Grant of Summary Judgment By Independent Action (3 Moore's Fed. P. 1938, 3267 et seq.)


Ralph Hall say The grant of Summary Judgment may Be viewed As A Contempt For proper Rule 56 Application in this Case. Motion To Vacate By Independent Action is Available under SDNY Authority, As Follows:

2.

SEE <u>HAZEL-Atlas Glass Co. v. HARTFORD Empire Co.</u>, 322 U.S. 238 (1944)

WHERE THE Court is, "UNDER A DUTY TO FOLLOW THE USCA/2 Cir. Ruling on THE ISSUE OF Summary Judgment's" PRECLUSION FROM DEFENDANTS OF AN AFFIRMATIVE DEFENSE. IT MUST BE ADDRESSED UNDER Holdings IN <u>Ross v. Blake</u>, 578 U.S. at 643-644 (2016) VIA INDEPENDENT ACTION). GRANT OF Summary Judgment FOR DEFENDANTS AMOUNTS TO AN IMPROPER grant of Summary Judgment THAT WAS PRECLUDED UNDER CIRCUMSTANCES INHIBITING PLRA EXHAUSTION REQUIREMENT, RENDERING Summary Judgment Application UNAVAILABLE. (ANDERSON v. LIBERTY LOBBY, 477 U.S. 242, 248 (1986))

WHERE Rule 60(d) ATTACKED THE INTEGRITY OF THE Court, (HARRIS v. UNITED STATES, 367 F.3d 74 (2 Cir. 2003)), AND WAS DENIED UNDER Holdings IN <u>BROWN v. City OF SYRACUSE</u>, 673 F.3d 141, 147 (2 Cir. 2012) - SUCH AVAILABLE RELIEF EXIST ONLY IN MOTION FOR RELIEF BY INDEPENDENT ACTION.

3.

The Court Relies on, Wright v. Poole, 81 F. Supp. 3d 280, 286 (SDNY), As Law of the Case Doctrine Bars the Court From granting Rule 60 Relief. Under that Doctrine where As Here. An Appellate Court Has once decided an issue, the Court at a later stage of Litigation is under a Duty To Follow the Appellate Courts Ruling on that issue. (Exhaustion of Administrative Remedy)

In the instant Motion, the Court did not Countenance, "Availability and Textual exception" in the Context of Controlling Law. Defendant's Alleged Failure To Comply with All the governing Rules pursuant To Correction Law, section 139, NYCRR, Part 7695 of Title 9 NYCRR, DOCCS Directive #4040, section 701.5(d)(3), 701.6(g)(2)(m), 701.8, and it is Alleged that such Failure To its Analysis of Exhaustion of Administrative Remedie Served to not Perceive Defendant's Departure From Following All governing Rules; Defendant's own Actions, Alleged, Has precluded Any Application For Summary Judgment via such Affirmative Defense.

4.

## Relative Facts

THE DISTRICT COURT'S RECENT DENIALS OF MOTION FOR Rule 60(b) RELIEF WERE BASED ON THE COURT'S lack OF POWER TO CHANGE, ADJUST, OR MODIFY A DECISION AT A later DATE AFTER THE ISSUE HAD BEEN APPEALED TO THE USCA/2 Cir, AND SUBSEQUENTLY CONDONED BAD LAW THAT RESULTED FROM THE COURT'S FAILURE TO ANALYZE WHETHER THE DEFENDANT VIOLATED OR DEPARTED FROM FOLLOWING THE GOVERNING Rules; SHOULD HAVE BEEN QUESTIONED BY THE COURT, PARTICULARLY WHERE A MATTER OF DISPUTE EXISTED ABOUT EXCEPTIONS TO THE Rule. (Compare ARMAND v. SIMONSON, 2016 WL 1257972 At *24 (SDNY-2016) AND HAZEL-Atlass Glass Co. v. HARTFORD Empire Co. 64 S. Ct. 997 (1944)) THE AVAILABILITY OF ADMINISTRATIVE REMEDY, PRE-SUPPOSED, OR IMAGINED UNDER THESE CIRCUMSTANCES REQUIRES A BALANCE BETWEEN LAW AND JUSTICE.

5.

HAD THE COURT EXERCISED ITS
PREROGATIVE PRIOR TO GRANTING
ITS 24 PAGE OPINION AND ORDER
OF 2022 WHICH GRANTED SUMMARY
JUDGMENT FOR DEFENDANTS
WITHOUT FIRST DETERMINING THE
DEFENDANTS COMPLIANCE WITH
ALL "DIRECTIVE 4040 RULES THAT
GOVERN THE PROCESSING OF THE
GRIEVANCE PROCEEDINGS. Only
AFTER THE ANALYZING OF DEFENDANTS
COMPLIANCE WITH 4040 WOULD THE
COURT HAVE JUSTIFICATION OR REASON
TO VERIFY THAT DEFENDANTS MAY
BE ENTITLED TO SUMMARY JUDGMENT.
ASSUMPTION THAT DEFENDANTS WERE
IN COMPLIANCE WITH DIRECTIVE IN
THIS CASE IS A "NEGATIVE." SUCH
ASSUMPTION WAS NOT WITHIN THE
COURTS AUTHORITY, CONTRARILY, THE
COURT IS EMPOWERED TO JUDICIALLY
NOTICE ITS OWN ERR. THE PROPER
MOTION TO DO THIS WOULD BE THIS INSTANT
PAPER.

6.

INMATE GRIEVANCE WAS INITIALLY FILED ON 12/05/2017 AT GRIEVANCE NO. GH-88297-17-CONCERNING THREATS/RETALIATION FOR PRIOR GRIEVANCE. THAT PARTICULAR GRIEVANCE WAS FILED AT THE RECUPERATION STAGE OF THE FIRST OF A TWO PART OPERATION FOR BI-LATERAL HIP REPLACEMENT. AT THE RECUPERATION STAGE OF THE SECOND PART OF THE SURGERY, DEFENDANT DID NOT FILE A SECOND GRIEVANCE FOR THE CONTRACTION OF AN INCURABLE AND LIFE ALTERING, FLESH EATING DISEASE CALLED MERSA, OR STAPH INFECTION; A FORESEEABLE INFECTION THAT WAS PREVENTED BY CLEANSING THE OPEN WOUND AND CHANGING THE DRESSING WITH STERILE BANDAGES. ALLEGEDLY, THE DEFENDANTS FAILED OR REFUSE TO DO THIS UNTIL AFTER IT WAS FOUND THAT THE UNHYGENIC MEDICAL CARE HAD RESULTED IN THE CONTRACTION OF THE INCURABLE DISEASE. A "SECOND" GRIEVANCE WAS NOT FILED BECAUSE THE "FIRST" MEDICAL GRIEVANCE WAS NOT TIMELY PROCESSED UNDER THE GOVERNING RULES FOR PROCESS GRIEVANCE.

7.

DEFENDANT's FAILURE TO FOLLOW "ALL" governing Rules REPRESENTED BY DOCCS DIRECTIVE NO. 4040 FOR PROCESSING PROCEDURES CONCERNING THE REQUIRED EXHAUSTION OF ADMINISTRATIVE REMEDY PRIOR TO FILING INMATE GRIEVANCES, PRECLUDED DEFENDANTS FROM APPLYING AND USING SUMMARY JUDGMENT AS AN AFFIRMATIVE DEFENSE. (SEE FRCP Rule 56) (also SEE, "EXCEPTION" TO THE PLRA MANDATORY EXHAUSTION REQUIREMENT AT Ruling or CONTROLLING U.S. SUPREME Court HOLDINGS IN ROSS v. BLAKE, 578 U.S. AT 643-44 (2016). THE AVAILABILITY OF ADMINISTRATIVE REMEDY WAS NOT PROPERLY INCLUDED IN THE 24 PAGE OPINION AND ORDER ENTERED BY THIS COURT ON 08/30/2022, DOCKET No. 187 AND 188. SUCH AVAILABILITY OF ADMINISTRATIVE REMEDY MUST BE DETERMINED BEFORE A PROPER GRANT FOR SUMMARY JUDGMENT CAN BE MADE. (JOHNSON v. UNIVERSITY OF ROCHESTER MEDICAL CENTER, 642 F. 3d 121, 125 (2 Cir. 2011); WILLIAMS v. PRIATNO, 829 F. 3d 118, 123-127 (2 Cir. 2016)); (also, HARVEY v. CORRECTIONAL OFFICERS, 1 through 6, 612 F. Appx. 35, 37 (2 Cir. 2015))

8.

PLAINTIFF-PETITIONER CLAIMS THE ERROR
IN GRANT OF SUMMARY JUDGMENT
FOR THE DEFENDANTS WAS
UNCONSTITUTIONAL AND IN VIOLATION OF
BOTH FRCP Rule 56 AND CONTROLLING
LAW. DEFENDANTS AND THE COURT IN ITS
24 PAGE OPINION AND ORDER BASED ITS
GRANT OF SUMMARY JUDGMENT FOR THE
DEFENDANTS UPON THE ABSENCE OF SPECIFIC
CIRCUMSTANCES WHICH IS NO LONGER THE
APPROPRIATE ANALYSIS AFTER Ross. HOWEVER,
"DELAY IN THE PROCESS OF GRIEVANCES" DOES
CONSTITUTE "UNAVAILABILITY." (BERKLEY V. WARE,
2018 WL 3736791 (NDNY-2018) ADOPTED 2018
WL 3730173 (NDNY-2018); SEE Also, HENDERSON
V. ANNUCCI, 2016 WL 3039687 AT *10 (WDNY
2016)

EXHAUSTION OF ADMINISTRATIVE REMEDIES:

THE PRISON LITIGATION REFORM ACT (PLRA)
42USC 1997 REQUIRES AN INMATE TO
EXHAUST "ALL" AVAILABLE ADMINISTRATIVE
REMEDIES PRIOR TO BRINGING A FEDERAL
CIVIL RIGHTS ACTION. THE EXHAUSTION

Requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and regardless of the subject matter of the claim. (See Giano v. Goord, 380 F.3d 670, 675-76 (2 Cir. 2004) citing Porter v. Nussle, 534 U.S. 516, 532 (2002)). Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings.

The failure to exhaust is an "affirmative defense" that must be raised by the defendants. (Jones v. Bock, 549 U.S. 199, 216 (2007); Johnson v. Testman, 380 F.3d 691, 695 (2 Cir 2004)) As an affirmative defense, it is the defendant's burden to establish that plaintiff failed to meet the exhaustion requirement. (Key v. Toussant, 660 F. Supp. 2d 518, 523 (SDNY-2009)

10.

In order to exhaust, properly, administrative remedies, the United States Supreme Court has held that the inmate must complete the administrative review process in accordance with the applicable state rules. (Jones v. Bock, 549 U.S. at 218-219, citing Woodford v. NGO, 548 U.S. 81 (2006))

The grievance program in New York is a three-tiered process. The inmate "must" first file a grievance with the inmate grievance resolution committee (IGRC). An adverse decision of the IGRC may be appealed to the Superintendent of the facility. Adverse decisions at the Supt's level may be appealed to the Central Office Review Committee (CORC).

Availability of Administrative Remedy:

The Court in its analysis of Defendant's motion for Summary Judgment did not consider whether administrative remedies was available.

11

IF THE COURT HAD CONSIDERED THAT
FACTOR. IT WOULD HAVE DETERMINED
DEFENDANTS WERE PRECLUDED FROM
Applying AN AFFIRMATIVE DEFENSE
OR, SUMMARY Judgment motion would
HAVE BEEN DENIED OR, DISMISSED.

"Availability," AS REFERRED TO IN
Ross v. Blake, 136 S. Ct, at 1857 (2016) AND,
Zuoting Riles v. BUCHANAN, 656 FED. Appx.
577 (2 Cir. 2016) quoting Ross; Such
AVAILABILITY, IN THE Context OF Administrative
REMEDIES IS VIEWED AS A "TEXTUAL
EXCEPTION" TO, MANDATORY EXHAUSTION,
AND "ESTOPPEL" HAS BECOME ONE OF
THE three FACTORS IN DETERMINING SUCH
ADMINISTRATIVE REMEDY's, AVAILABILITY.

## Unavailable Administrative Remedy:

THE COURT FAILED TO CONSIDER IN ITS ANALYSIS
OF DEFENDANT's SUMMARY Judgment motion,
WHETHER Administrative REMEDY WAS
AVAILABLE OR NOT AVAILABLE, UNDER THE
SUPREME COURT LANGUAGE AND CONTROLLING
LAW IN Riles, supra. Zuoting Ross AT 1859-60

12,

PRO-SE PETITIONER's MOTION FOR
RELIEF BY INDEPENDENT ACTION
IS SUBSTANTIATED BY THE Court's
24 PAGE OPINION AND ORDER THAT
DOES NOT FIRST ANALYZE THE
AVAILABILITY OF ADMINISTRATIVE
REMEDY PRIOR TO ITS GRANT OF
SUMMARY JUDGMENT FOR DEFENDANTS.

THAT "AVAILABILITY" MUST BE REFERRED
TO AS A "TEXTUAL EXCEPTION WHERE
DEFENDANTS FAIL TO COMPLY WITH
ALL THE GOVERNING RULES FOR PROCESSING
INMATE GRIEVANCES. SUCH FAILURE
TO FOLLOW ALL THE GOVERNING RULES
WOULD ESTOPPEL DEFENDANT FROM EVEN
USING AN AFFIRMATIVE DEFENSE.

DEFENDANT's DEPARTURE FROM THE
RULES WOULD, AND ALLEGED DID,
PRECLUDE ANY GRANT OF SUMMARY
JUDGMENT FOR DEFENDANTS, BY LAW.

13.

## Prevailing Facts

An impartial review of Pro-Se 42USC
1983 complaint would agree that
plaintiffs pleadings initially addressed
defendant's allegations and claims
that plaintiff failed to exhaust
administrative remedies.

Defendant's viewed the failure
to follow rules governing process of
grievance as **unavailing**, particularly
where grievance No. GH-88297-17
concerning "Threats" was not
afforded compliance with Directive No.
4040, section 701.5 (d)(3):

"The CORC shall review each
appeal, render a decision on
the grievance, and transmit its
decision to the facility, with
reasons stated, for the grievant,
the grievance clerk, the superintendent,
and any direct parties within
30 calendar days from the time
the appeal was received."

14.

ADDITIONALLY, DEFENDANTS DID NOT FOLLOW ALL THE GOVERNING RULES AT: 4040, SECTION 701.6 (g)(2)(m):

"EMERGENCIES. THE IGP SUPERVISOR SHALL REFER ANY GRIEVANCE OF AN EMERGENCY NATURE DIRECTLY TO THE APPROPRIATE RESPONSE LEVEL HAVING AUTHORITY TO ISSUE AN IMMEDIATE OR EXPEDITIOUS AND MEANINGFUL RESPONSE. AN EMERGENCY SHALL INCLUDE, BUT IS NOT LIMITED TO, A SITUATION, ACTION, OR CONDITION IN WHICH AN INMATE'S OR AN EMPLOYEE'S HEALTH, SAFETY, OR WELFARE IS IN SERIOUS THREAT OR DANGER. THE SUPERVISOR WILL DETERMINE IF A GRIEVANCE FALLS WITHIN THIS CATEGORY."

FURTHER ESTABLISHED FACTS WERE BROUGHT BY APPELLANT IN HIS COMPLAINT'S RECORD CONCERNING: 4040, SECTION 701.8:

"INITIATE AN IN-HOUSE INVESTIGATION BY HIGHER RANKING SUPERVISORY

15.

" personnel into the allegations
contained in the grievance. "


Prevailing facts show all of the
above identified grievance processing
proceedings were not followed and
served to thwart the filing of a second
medical grievance for the second
half of Appellant's two-part bi-lateral
surgery.


Defendants own actions relieved grievant
from exhaustion requirements under PLRA
because administrative remedy was not
available. (See Textual exception), (Also see
(Ross, Supra, Aet "Availability of Administrative
Remedy)


Pro-se movant's motion for relief by
independent action warrants the
court's discretionary judicial notice
regarding its prior order and grant
of summary judgment on issue of failure
to exhaust administrative remedy.


16.

## GROUND(S) ONE:

FOR RELIEF FROM JUDGMENT PURSUANT
TO FEDERAL RULES FOR CIVIL PROCEDURE
RULE 33, BY INDEPENDENT ACTION

SUMMARY JUDGMENT WAS IMPROPERLY
GRANTED IN VIOLATION OF CONTROLLING LAW
CONCERNING THE APPLICATION OF RULE 56.
BY MOTION FOR INDEPENDENT ACTION, IT
IS ARGUED THAT THE UNDERLYING
IMPROPER MOTION FILED BY DEFENDANTS
WAS PRECLUDED FROM APPLYING FOR
SUCH AFFIRMATIVE DEFENSE AND
SUMMARY RELIEF ON THE BASIS OF
DEFENDANTS FAILURE TO COMPLY WITH
CONTROLLING LAWS AND/OR THE
GOVERNING RULES; WHERE DEFENDANT'S
OWN ACTIONS INHIBITED PLRA MANDATORY
REQUIREMENTS, CONCERNING EXHAUSTION
OF ADMINISTRATIVE REMEDY. (SEE
CORRECTION LAW, SECTION 139, AND DOCCS
DIRECTIVE #4040); (COMPARE Riles v.
BUCHANAN, 656 FED. APPX. 577 (2 Cir.2016)
quoting Ross v. Blake, 578 U.S. at 643-44
(2016))

17.

GRANT OF SUMMARY JUDGMENT UNDER
THE CIRCUMSTANCES WAS IMPROPER AND
ASSAULTED THE INTEGRITY OF THE COURT
FOR FAILING TO PROPERLY ANALYZE
WHETHER OR NOT THE DEFENDANTS
WERE ENTITLED TO SUCH SUMMARY
JUDGMENT APPLICATION. (SEE FRCP RULE 56);
(ALSO SEE ANDERSON V. LIBERTY LOBBY, 477
U.S. 242, 248 (1986); HEMPHILL V. STATE OF
NEW YORK, 380 F.3d 680, 686 (2 Cir. 2004);
KEV V. TOUSSAINT, 660 F. Supp. 2d 518, 523
(SDNY-2009))

GRANT OF SUMMARY JUDGMENT UNDER
THE CIRCUMSTANCES WAS, "FRAUD ON THE
PART OF THE COURT." (SEE FRCP RULE 60(d)(3));
(ALSO SEE JOHNSON V. UNIVERSITY OF ROCHESTER
MEDICAL CENTER, 642 F.3d 121, 125 (2 Cir. 2011));
(COMPARE HOBBS, 788 F.3d AT 59 (2 Cir.),
BRAMAN V. CLARK, 927 F.2d 698, 704 (2 Cir. 1994))

IN SUM:

MOTION TO VACATE THE COURT'S 08/30/2022
SUMMARY JUDGMENT BY INDEPENDENT ACTION

SHOULD BE GRANTED, INSOFAR AS ESTABLISHED DOCTRINE PERMITS. (FRCP Rule 33); (SEE also Castro v. United States, 540 U.S. 375, 381-83 (2003) RE: Clerk's Authority to Reclassify Pro-Se Submission); (Armand v. Simonson, 2016 WL 1257972 at *24 (SDNY-2016) RE: Court's proper Hearing to Determine or Analyze, Exhaustion of Administrative Remedy); (Hazel-Atlas Glass Co. v. Hartford Empire, Co., 322 U.S. 238 (1944) RE: illustration of motion to vacate by independent action)

Date: 03/01/2024        Respectfully Submitted

_Ralph Hall_

Ralph Hall #05A5367
GACF
594 Route 216
Stormville, NY 12582

19.

<u>Certificate of Service</u>

I, Ralph Hall #05A5367 say under penalty of perjury that he served by USPS, in SASE, Notice and Combined Motion to Vacate Summary Judgment by Independent Action (Rule 33) to:

1. USDC/SDNY
   500 Pearl Street
   New York, NY 10007
   (Re: 19Cv5521 (kmk))

2. Stephen J. Yanni
   Asst. Sol. General
   c/o NYS Att. General
   28 Liberty Street
   NYC, NY 10005

Dated. 03/01/2024

_Ralph Hall_
Ralph Hall #05A5367
594 Route 216
Stormville, NY 12582

R. Hall #6245867
GHCF
394 Route 216
Stormville, New York
12582

Legal Mail

PRO SE OFFICE
RECEIVED
MAR 18 2024

PRO SE
EU

U.S.D.C./S.D.N.Y.
500 Pearl Street
New York, New York
10007
(Attn. Clerk of Court)

RECEIVED
CLERK'S OFFICE
S.P.N.Y.

USMP
SDNY

Plaintiff has filed a Motion to Vacate the Court's Summary Judgment Order "by Independent Action" (the "Motion"). (*See* Dkt. Nos. 209–12.)  However, the Court notes that Plaintiff has also filed a Notice of Appeal, in which he appeals the Court's denials of his motions pursuant to Federal Rule of Civil Procedure 60 for relief from that same summary judgment order. (*See* Dkt. No. 207.)

"As a general matter, the filing of the notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Jacques*, 6 F.4th 337, 342 (2d Cir. 2021) (quotation marks and emphasis omitted).  "It is not tolerable to have a district court and a court of appeals simultaneously analyzing the same judgment, [that is,] to have situations in which district courts and courts of appeals would both have the power to modify the same judgment[.]" *Id.* (alterations adopted) (quotation marks and citations omitted).  Although, in certain situations, clerical corrections may be made to a judgment under appeal, "substantive modifications of a judgment while an appeal is pending" are not permitted. *Id.* at 344.

Accordingly, Plaintiff's Motion is denied, because the Court lacks jurisdiction to vacate the challenged order and judgment. *See Caldwell v. City of New York*, No. 21-CV-6560, 2024 WL 1586695, at *1 (S.D.N.Y. Apr. 11, 2024) (denying the plaintiff's motion for reconsideration of the court's summary judgment opinion on the basis that the plaintiff's notice of appeal divested the district court of jurisdiction).

The Clerk of Court is respectfully asked to terminate the pending Motion, (*see* Dkt. No. 211), and to mail a copy of this document to Plaintiff.

SO ORDERED.

4/29/2024